UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA ADAMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 4:20-cv-00874 |
| ) | |
| TRUSTEE, TERRI DOST, et al., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Dismiss.  Doc. [9].  The Motion has been briefed and is ready for disposition.  Docs. [14], [15].  For the reasons set forth below, the Motion is granted**.**

### BACKGROUND

On March 13, 2008, Defendants Wyndham Vacation Resorts, Inc. (WVR) and Trustee Fairshare Vacation Owners Association[1] executed the Second Amended and Restated Fairshare Vacation Plan Use Management Trust Agreement (Trust Agreement), Doc. [1] ¶ 324, which was designed to facilitate the management of beneficiaries' timeshare rights and interests in different timeshare properties.  *Id.* ¶¶ 325-28.  Under the Trust Agreement, the Trustee was required to "develop . . . a reservation system," *id.* ¶ 328, and to ensure that the Plan Manager maintains reporting information concerning financial transactions and inventory related to the properties as well as information documenting beneficiaries' timeshare interests.  *Id*. ¶ 329.  The Trust, as amended and restated, is organized and exists under Arkansas law.  Docs. [1] ¶ 322, [10] at 2.  The Trustee is an Arkansas not-for-profit corporation with its principal place of business in Florida, Docs. [1] ¶ 332, [10] ¶ 1, and was authorized to delegate any of its responsibilities to the Plan Manager.  Doc. [1] ¶ 330.

WVR, as the Plan Manager, *id*. at ¶¶ 331, 334, received its duties from a Management Agreement.   *Id*. at  ¶  332.   Those duties included: (i) administering Trust property,

---

[1] In their Complaint, Plaintiffs identify Terri Dost as Trustee.  Doc. [1] ¶ 322.  But Defendants clarify in their Memorandum in Support that Ms. Dost has not served on the Board since 2012, and the Fairshare Vacation Owners Association is Trustee.  Doc. [10] at 1 n.1.

1

(ii) establishing and operating the Reservation System noted in the Trust Agreement, (iii) preparing and submitting a budget to the Trustee, (iv) accounting for the expenditures of each Member during the past fiscal year, and (v) maintaining a record of the Members and the cumulative number of Points of the Trust property. *Id.* ¶¶ 336-40. Also at issue are the Management Agreement's cost allocation and compensation provisions. *Id.* ¶¶ 341-42. WVR is a Delaware corporation with its principal place of business in Florida. Docs [1] ¶ 323, [10-1] ¶ 5.

Plaintiffs, an ensemble of individuals residing throughout the United States, hold timeshare interests in various properties within the Trust. Doc. [1] ¶¶ 1-321. On July 1, 2020, they filed suit against WVR and Trustee for breaches of the Trust Agreement. *Id.* ¶¶ 1-321, 351-89. Specifically, Plaintiffs brought actions for (i) accounting, (ii) failure to operate the reservation system, and (iii) failure to operate the properties within reasonable cost and profit margins at prevailing market rates. *Id.* ¶¶ 351-89.

On March 11, 2021, WVR and Trustee filed their Rule 12(b)(2) Motion to Dismiss and Memorandum in Support. Docs. [9], [10]. WVR and Trustee do not contest personal jurisdiction over Defendants with respect to claims brought by Plaintiffs who either reside in Missouri or purchased their operative agreements from WVR in Missouri ("Group 1"). Doc. [10] at 2. They do argue, however, that the Court lacks jurisdiction over Defendants with respect to claims brought by Plaintiffs who entered contracts with WVR but have no connection to WVR or the Trust arising from contacts with Missouri ("Group 2"). *Id.* ¶ 4. They also contest the Court's jurisdiction over claims brought by Plaintiffs who purchased their ownership interests from Wyndham Resort Development Corporation and/or WorldMark The Club (WorldMark) but have no connection to WVR, the Trust, or WorldMark arising out of contacts between Defendants and Missouri ("Group 3"). *Id.* ¶ 5.

### Legal Standard

Defendants may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). To forestall dismissal, "a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts to support a reasonable inference that the defendant can be subject to jurisdiction within the state." *K-V Pharm. Co. v. J Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (internal quotation marks omitted) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). "The

allegations in the Complaint must be taken as true to the extent they are uncontroverted by defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Cantrell v. Extradition Corp. of Am.*, 789 F. Supp. 306, 308-09 (W.D. Mo. 1992) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982); *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984); *see also Dever*, 380 F.3d at 1076. Although "[t]he evidentiary showing required at the prima facie stage is minimal," *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010) (internal quotation marks omitted) (quoting *Willnerd v. First Nat'l Neb., Inc.*, 558 F.3d 770, 778 (8th Cir. 2009)), it "must be tested, not by the pleadings alone, but by the affidavits and exhibits" supporting or opposing the motion to dismiss. *Dever*, 380 F.3d at 1072 (internal quotation marks omitted) (quoting *Block Indus. V. DHJ Indus., Inc.*, 495 F.2d 256, 260 (8th Cir. 1974)).

## DISCUSSION

### I. Personal Jurisdiction

There are two bases of personal jurisdiction: "general" and "specific." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1779-80 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Because Plaintiffs allege that both exist here, Doc. [1] ¶ 349, the Court addresses both. As set forth below, Plaintiffs have not made a prima facie showing of personal jurisdiction over Defendants with respect to claims brought by Plaintiffs in Groups 2 and 3.

#### a. General Personal Jurisdiction

"A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different state." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (quoting *Goodyear*, 564 U.S. at 919) (emphasis in original) (internal quotation marks omitted). General jurisdiction applies regardless of whether the state long-arm statute applies. *Gilmor v. Preferred Credit Corp.*, 2011 WL 111238, at *2 (W.D. Mo Jan. 13, 2011). For natural persons, the paradigmatic forum for exercising general personal jurisdiction is the individual's domicile. *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (quoting *Goodyear*, 564 U.S. at 919). "[F]or a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id*. (citing *Goodyear*, 564 U.S. at 919). A

3

corporation is generally "at home" in its place of incorporation and its principal place of business, *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citing *Goodyear*, 564 U.S. at 924), as well as wherever its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id*. at 139 (quoting *Goodyear*, 564 U.S. at 919). "But 'only a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction in that State." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (quoting *Daimler*, 571 U.S. at 137).

Plaintiffs acknowledge that no Defendant is incorporated or maintains its principal place of business in Missouri. Doc. [1] ¶ 349. WVR is not incorporated in Missouri and does not maintain its principal place of business in Missouri. Doc. [1] ¶ 232. The Trustee is an Arkansas non-profit corporation with its principal place of business in Florida. Doc. [10-1] ¶ 6. And the Trust is organized and existing under Arkansas law. Doc. [1] ¶ 322; *Schubel v. Lampland*, 2013 WL 5787881, at *1 (D. Minn. Oct. 28, 2013) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("most courts to address the issue have held that the citizenship of [a] trust is the citizenship of the trustee or trustees"). Therefore, general personal jurisdiction exists only if Plaintiffs show that Defendants' contacts with Missouri are so "continuous and systematic" that they can be said to be "at home" here. *Daimler*, 571 U.S. at 139 (quoting *Goodyear*, 564 U.S. at 919). Plaintiffs fail to make that showing.

Plaintiffs support their claim of general jurisdiction by directing the Court's attention to six Missouri properties included in the Trust managed by the Trustee and WVR. Doc. [14] at 3-4. According the timeshare agreements included in Defendants' exhibits, those Missouri properties comprise only a small proportion of all the real properties in the Trust. Doc. [10-1] at 7-384. Such contacts demonstrate only that Defendants are "doing business" in Missouri. *Daimler*, 571 U.S. at 762 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home,' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States."). They do not demonstrate that the Defendants are "at home" in Missouri for purposes of general personal jurisdiction.

### b. Specific Personal Jurisdiction

Specific jurisdiction is very different from general jurisdiction. "A federal court in a diversity action may assume jurisdiction over nonresident defendants only to the extent

4

permitted by the long-arm statute of the forum state and by the Due Process Clause." *Oriental Trading Co., Inc. v. Firetti*, 236 F.3d 938, 943 (8th Cir. 2001) (quoting *Morris v. Barkbuster, Inc.*, 923 F.2d 1277, 1280 (8th Cir. 1991)). The Missouri long-arm statute authorizes jurisdiction only under specific circumstances. *See, e.g.*, *Dairy Farmers of Am. v. Bassett & Walker Intern., Inc.*, 702 F.3d 472, 475 (8th Cir. 2012) ("While the long-arm statute extends jurisdiction to the limits of the Due Process Clause, it does so only for acts within its enumerated categories."). Further analysis of the scope of the statute is unnecessary, however, because Defendants' contacts with Missouri are insufficient to satisfy Due Process.

Defendants present evidence that the claims brought by Group 2 and 3 Plaintiffs do not arise out of Defendants' contacts with Missouri. Doc. [10-1] at 2. Defendants filed the Declaration of James Ward, the Director of Title Services, Consumer Finance for Wyndham Destinations, Inc., wherein Ward identifies the Group 2 and 3 Plaintiffs and their places of residence at the time they entered their timeshare contracts. Doc. [10-1] ¶ 3; *id.* at 4-6. None is listed as residing in Missouri at the time of contract formation. *Id.* Defendants also append Plaintiffs' timeshare purchase agreements. Doc. [10-1] at 7-384. Again, no agreement indicates that any Group 2 or 3 Plaintiff purchased a timeshare interest in either a Missouri property or a collection of properties that includes a Missouri property. *Id.* In response, Plaintiffs note that six Trust properties are located in Missouri, and that the Trust Agreement obligates Defendants to "accept and hold ownership of the Trust Properties for the beneficial use of each Member." Doc. [14] at 4-5.

The Court finds *Bristol-Myers* instructive. In that case, California domiciliaries and nonresidents sued Bristol-Myers Squibb, LLC, for injuries suffered from ingesting Plavix. *Bristol-Myers Squibb*, 137 S. Ct. at 1778. The Court held that Bristol-Myers Squibb's contacts with California were insufficient to support specific personal jurisdiction with respect to nonresident plaintiffs' claims, noting that the nonresident plaintiffs "were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California." *Id.* at 1781.

Similarly, Plaintiffs in this case present no evidence that Group 2 and 3 Plaintiffs entered their contracts in Missouri, negotiated the purchase of their timeshare interests in Missouri, engaged in negotiations related to Missouri properties, purchased timeshare interests in Missouri properties, or suffered injuries related to any timeshare interest in a

5

Missouri property. If Plaintiffs in Group 2 and 3 suffered injuries, those injuries arose out of contracts negotiated and entered into outside Missouri, in relation to non-Missouri properties. To exercise jurisdiction over Defendants with respect to their claims would therefore run afoul of *Bristol-Myers Squibb*'s admonition: "[T]he mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id*. (emphasis in original). Because Plaintiffs present no evidence connecting the Group 2 and 3 Plaintiffs' claims to Defendants' contacts with Missouri, they have not made a prima facie showing of specific personal jurisdiction.

## II.     Transfer under 28 U.S.C. § 1404

Plaintiffs ask the Court to transfer the suit under 28 U.S.C. § 1404 to a Florida venue if it determines that no jurisdiction exists over the claims of Groups 2 and 3. Doc. [14] at 5. This Court may transfer a case despite lack of personal jurisdiction over a defendant, *Blume v. Int'l Serv., Inc.*, 2012 WL 1957419, at *3 (E.D. Mo. May 31, 2012), but it declines to do so here.

While district courts have broad discretion when deciding a motion to transfer, *Terra Int'l., Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)), they should exercise that discretion only after weighing three factors: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice." *Terra Int'l*, 119 F.3d at 691 (citing 28 U.S.C. § 1404(a) (1994)). With respect to "convenience," courts generally consider, "(1) the convenience of the parties, (2) the convenience of the witnesses . . . , (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." *Id*. at 696. Under the "interest of justice" heading, courts inquire into "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Id*. (citing *Terra Intern., Inc. v. Miss. Chem. Corp.*, 922 F. Supp. 1334, 1357-61 (N.D. Iowa April 5, 1996)). Transfer analysis requires a court to give a "case-by-case evaluation of the particular circumstances at hand and a consideration of all

relevant factors." *Id.*; *see also In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010).  Generally, the plaintiff's choice of forum receives a favorable presumption, and the burden is on the party seeking transfer "to show that the balance of factors 'strongly' favors the movant." *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999)(citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947), *superseded by statute*, 28 U.S.C. § 1404(a) (1994), *as recognized in Am. Dredging Co. v. Miller*, 510 U.S. 443 (1994)).

Plaintiffs here make a passing request for transfer in their Response, without even identifying the applicable factors, much less applying them.  Doc. [14] at 5.  Moreover, Plaintiffs ask the Court to disregard their initial forum selection, a selection that should receive a favorable presumption.  *Graff*, 33 F. Supp. 2d at 1121; *see also Cohen v. Waxman*, 421 F. App'x 801, 803 (10th Cir. 2010) ("Ironically, in this case it is the plaintiff who desires a transfer from the forum he originally selected.  Only now that he knows that he will lose in that forum does he seek another.  But the law rarely favors two bites at the apple.").  Because Plaintiffs make no showing that "the balance of factors strongly favors" transfer, the Court denies the transfer request.  *Graff*, 33 F. Supp. 2d at 1121.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Rule 12(b)(2) Motion, Doc. [9], is **GRANTED**.  Claims of Plaintiffs in Groups 2 and 3 as listed in Defendants' Memorandum in Support, Doc. [10], are **DISMISSED** for lack of personal jurisdiction.  Claims brought by Plaintiffs in Group 1 are unaffected by this Order and may proceed.

**IT IS FURTHER ORDERED** that Plaintiffs' transfer request, Doc. [14] at 5, is **DENIED**.

Dated this 14th day of December, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

7